Filed 11/25/20  P. v. White CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>PAUL EDMUND WHITE,<br><br>      Defendant and Appellant. | B302621<br><br>(Los Angeles County Super. Ct. No. TA147879) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura Walton, Judge.  Affirmed.

Maggie Shrout, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

In a complaint filed on January 9, 2019, defendant and appellant Paul Edmund White was charged with carrying a dirk (Pen. Code, § 21310 [count 1]) and possessing a controlled substance, methamphetamine (Health & Saf. Code, § 11377 [count 2]). The initial complaint charged White under the name of another individual, J.J., which name White had given as his own.

At a hearing on January 9, 2019, White, again using the alias J.J., pleaded guilty in count 1. Count 2 was dismissed by plea agreement. White agreed to three years of formal probation and a six-month outpatient drug class during probation. The trial court properly advised White of his rights and the consequences of pleading guilty. The trial court also advised White that the plea was "open," and "if he fails to appear or picks up any new cases" he could be sentenced to a maximum of three years in county jail." White was released on his own recognizance and ordered to appear at the sentencing hearing on February 11, 2019.

White failed to appear at the sentencing hearing, and the court ordered that a no bail bench warrant be issued, using the name J.J.

White again failed to appear at a bench warrant hearing held on June 19, 2019. J.J., the individual whose name was used in the complaint and warrant, appeared and informed the court that White had used J.J.'s name as an alias. The court issued J.J. a judicial clearance and amended the complaint to reflect that White was the true

2

defendant. The court recalled the bench warrant and issued a new no bail bench warrant in White's name.

White appeared at a bench warrant hearing on September 5, 2019. He had again used J.J.'s name as an alias upon his arrest.

At the sentencing hearing on September 19, 2019, the prosecutor noted that White had not appeared at the February 11, 2019 sentencing hearing and used an alias when arrested. The court had received a probation report pertaining to White, which detailed his extensive criminal history. The prosecutor noted that, had White given his true name, his maximum exposure would have been approximately 13 to 14 years in state prison. The court imposed the maximum sentence of three years in county jail, because White had failed to appear for probation and sentencing and, the court concluded, White had used a false name to hide his identity and true criminal history.

White timely appealed.

We appointed counsel. After reviewing the record, counsel filed an opening brief asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*). On July 22, 2020, we advised White that he had 30 days to submit any contentions or issues he wished us to consider. No response has been received to date.

We have examined the entire record. We are satisfied no arguable issues exist and that White's counsel has fully satisfied her responsibilities under *Wende*. (*Smith v.*

*Robbins* (2000) 528 U.S. 259, 279–284; *Wende, supra,* 25 Cal.3d at p. 441.)



MOOR, J.


We concur:




RUBIN, P. J.




BAKER, J.